In the Matter of ROYSTON KINLOCK, Petitioner, v NEW
YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al.,
Respondents. [655 NYS2d 457] —Casey, J. Proceeding pursuant to
CPLR article 78 (transferred to this Court by order of the
Supreme Court, entered in Albany County) to review a deter-
mination of respondent Comptroller which denied petitioner's
application for accidental disability retirement benefits.

Petitioner was employed by the Department of Taxation and
Finance as a tax compliance agent. In February 1992, petitioner
was involved in an automobile accident while on the job and
allegedly sustained, *inter alia*, a lower back injury. In
December 1992, petitioner applied for accidental disability
retirement benefits on the ground that injuries to his lower
back sustained in the February 1992 automobile accident had
permanently incapacitated him from performing his duties as
a tax compliance agent. After petitioner's application was
denied in November 1993, petitioner timely requested a hear-
ing and redetermination of his application. After a hearing,
petitioner's application was denied by respondent Comptroller
and petitioner initiated this CPLR article 78 proceeding.

Initially, petitioner contends that the Administrative Law
Judge's ruling restricting his right to present medical evidence
was arbitrary, capricious and an abuse of discretion. We dis-
agree. An agency is not bound by traditional rules of evidence
and may adopt its own procedures for the admission of evi-
dence, so long as a party's interests are not prejudiced thereby
(*see*, State Administrative Procedure Act § 306 [1]). Ultimately
petitioner chose to present expert medical testimony at the
hearing rather than rely upon the submission of medical rec-

ords. Although the medical reports from various examining physicians were excluded, petitioner was not denied the opportunity to present medical testimony from these other physicians. Not taking advantage of such an opportunity was a tactical decision on the part of petitioner (*see, Matter of Gray v Adduci*, 73 NY2d 741; *Matter of Butler v McCall*, 221 AD2d 892).

Furthermore, we find that there is substantial evidence in the record to support the Comptroller's finding that petitioner failed to sustain his burden of proving that he is incapacitated from performing his duties as a tax compliance agent. Robert Hendler, an orthopedic surgeon who examined petitioner at respondents' request, testified that petitioner did not sustain a disabling injury as a result of the automobile accident and that petitioner was capable of continuing to perform his employment duties. Although petitioner's expert disagreed with this opinion and determined that petitioner was "totally disabled because of his back limitations and pain", it is within the Comptroller's discretion to evaluate conflicting medical testimony and credit one expert's opinion over that of another (*see, Matter of McGarry v McCall*, 234 AD2d 886; *Matter of Hamlet v McCall*, 222 AD2d 883). Hendler's testimony constitutes some credible evidence that petitioner was not disabled. As such, the Comptroller's determination is supported by substantial evidence (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756). Accordingly, the Comptroller's determination is upheld.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.