■ In the Matter of ROXANNE J. CONKLIN, Also Known as ROXANNE ROY, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [689 NYS2d 755]

—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner was employed by the State University of New York at Oneonta as assistant director of admissions, a job which required her to drive to high schools throughout the State to give recruitment presentations. Petitioner was hospitalized for nine days in March 1992 and was out of work for the next two months after she experienced dizziness and severe headaches, diagnosed as basilar artery migraine syndrome. Prescription medication partially relieved petitioner's symptoms; however, they became so severe in January 1995 that petitioner took a medical leave of absence and never returned to work. Her subsequent application for ordinary disability retirement benefits was denied, giving rise to this proceeding.

Substantial evidence supports the determination that petitioner was not permanently incapacitated from performing her job responsibilities within the meaning of Retirement and Social Security Law § 62. The neurologist who testified as an expert medical witness on behalf of the New York State and Local Employees' Retirement Systems stated that there is no objective way to determine whether an individual suffers from basilar artery migraine syndrome. His physical examination of petitioner and his review of her clinical test results disclosed no incapacitating abnormalities. It was his conclusion that petitioner's symptoms were not so severe as to prevent her from doing her job. It was his further opinion that symptoms such as petitioner's could usually be controlled by medication and diet. Petitioner's treating physician, on the other hand, testified that petitioner was permanently disabled from performing her job responsibilities, but conceded that her opinion was based solely on petitioner's subjective complaints of dizziness and migraine headaches.

In view of the lack of objective evidence in this matter and the existence of conflicting medical opinions regarding the degree of petitioner's disability, it lay within the province of respondent Comptroller to evaluate the evidence and to credit one expert's opinion over that of another (*see, Matter of McGarry v McCall*, 234 AD2d 886; *Matter of Hamlet v McCall*, 222 AD2d 883). As there is substantial evidence in the record to support the ruling that petitioner was not disabled from the performance of her job, the Comptroller's determination will not be disturbed.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.