■ In the Matter of PAUL V. DI FRANCESCO, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [716 NYS2d 468] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

After sustaining injuries to his right leg and wrist when an elevator door closed on his body, petitioner filed an application for accidental disability retirement benefits. The Medical Disability Board of respondent New York State and Local Retirement Systems (hereinafter the Retirement System) denied the application finding that petitioner was not permanently disabled from performing his duties as a senior court officer. Petitioner sought a hearing and redetermination of his application pursuant to Retirement and Social Security Law § 74, which again resulted in denial of his application. Petitioner now challenges respondent Comptroller's determination by this CPLR article 78 proceeding.

Initially, we reject petitioner's claim that the Hearing Officer

improperly restricted his right to present medical evidence. Petitioner's offer of certain medical reports was objected to and sustained by the Hearing Officer because the proffered reports were not considered by the Medical Disability Board at the time it made its original decision and, therefore, not a proper part of the record before the Hearing Officer (*see*, 2 NYCRR 317.5 [d]). Petitioner's attempt to call his treating chiropractor at the second session of the hearing was also rejected by the Hearing Officer because petitioner previously elected to forego the presentation of live medical testimony and to rely upon the medical reports in the record to support his claim of disability. We find no impropriety in the Hearing Officer's ruling since he was simply enforcing the Retirement System's rules regarding the admission of medical evidence. We have previously held that the Retirement System "is not bound by traditional rules of evidence and may adopt its own procedures for the admission of evidence" as long as a party's rights are not prejudiced (*Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810; *see*, State Administrative Procedure Act § 306 [1]). We have also found no prejudice in the application of the Retirement System's rule that petitioner must choose between presenting live medical testimony at the hearing or relying upon the medical records submitted to the Medical Disability Board to support his appeal, concluding that not taking advantage of the opportunity to present live medical testimony to be a tactical decision on the part of petitioner (*see*, *Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, *supra*, at 811; *see also*, *Matter of Gray v Adduci*, 73 NY2d 741).

Likewise, we reject petitioner's argument that the Retirement System is collaterally estopped from relitigating the issue of petitioner's injuries because of the Workers' Compensation Board's finding that petitioner suffers a continuing disability. The administrative determination under the Workers' Compensation Law is not binding on the Comptroller in this proceeding (*see*, *Matter of Balcerak v County of Nassau*, 94 NY2d 253, 259; *Matter of Keller v Regan*, 212 AD2d 856, 858; *see also*, *Matter of Doner v Comptroller of State of N. Y.*, 262 AD2d 750, 752).

Petitioner also argues that the Comptroller's determination is not based on substantial evidence and must be annulled. The record contains the written report of an orthopedic specialist who examined petitioner on behalf of the Retirement System and found no objective evidence of injury and opined that petitioner "does appear to be employable as a court officer."

Petitioner claims that the overwhelming medical evidence in the record, including the opinion of the first orthopedic specialist hired by the Retirement System that concluded that petitioner suffers from a permanent disability, supports a finding in his favor. Notwithstanding the existence of conflicting medical evidence which would support a contrary determination, the Comptroller's evaluation of the medical evidence and ultimate decision on disability will not be disturbed if it is based on substantial evidence (*see, Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760; *Matter of Conklin v McCall*, 261 AD2d 751). "While the quantum of evidence that meets the 'substantial' threshold cannot be reduced to a formula, in disability cases the phrase has been construed to require 'some credible evidence' [citations omitted]" (*Matter of Borenstein v New York City Employees' Retirement Sys.*, *supra*, at 760-761 [citations omitted]). Here, the Comptroller's disability determination is supported by some credible evidence and must be upheld (*see, Matter of Principe v McCall*, 255 AD2d 853, 855; *Matter of City of Schenectady v McCall*, 245 AD2d 708, 710-711).

Petitioner's remaining arguments have been reviewed and found to be lacking in merit.

Crew III, J. P., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.