■ In the Matter of VINOD KOHLI, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [719 NYS2d 381] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for disability retirement benefits.

In September 1996, while employed as a Supervising Labor Service Representative by the Department of Labor, petitioner applied for disability retirement based upon alleged disabling conditions in his lower back and left knee. After the application was denied, petitioner filed another application in April 1997 which added an injury to his cervical spine to the alleged disabling conditions. Upon the denial of the latter application, petitioner requested a hearing and redetermination. Based on expert medical testimony adduced at the hearing, respondent

denied the application concluding that petitioner had failed to meet his burden of proving that he is incapacitated from performing his duties. Petitioner then commenced this CPLR article 78 proceeding to review the determination.

The expert for the State and Local Employees' Retirement System testified that petitioner voluntarily resisted all range of motion tests and displayed other responses to testing which were exaggerated and inconsistent with the limited objective findings disclosed by MRI and EMG tests and with other subjective symptoms claimed by petitioner. The expert found no atrophy of muscles, loss of reflexes or other objective signs of disability and concluded that petitioner was not disabled from performing his duties. Although petitioner's expert reached a contrary conclusion, respondent had the exclusive authority to evaluate the conflicting medical evidence and accept the opinion of the Retirement System's expert over that of petitioner's expert (*see, e.g., Matter of Mallory v New York State & Local Employees' Retirement Sys.*, 261 AD2d 775). Despite petitioner's challenge to the credibility of the Retirement System's expert, a review of the record discloses no basis to disturb respondent's determination (*compare, Matter of De Carolis v McCall*, 272 AD2d 824, 825, *with Matter of Principe v McCall*, 255 AD2d 853, 855, 856). That petitioner may have been awarded Social Security and workers' compensation benefits is not binding on respondent (*see, Matter of Knight v New York State & Local Employees' Retirement Sys.*, 266 AD2d 774, 776; *Matter of Principe v McCall, supra*, at 855), and there is nothing in the record to support petitioner's claim that the opinion of the Retirement System's expert, an orthopedic surgeon, is entitled to less weight than the opinion of petitioner's neurologist (*cf., Matter of City of Schenectady v McCall*, 245 AD2d 708, 710-711).

Peters, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.