■ In the Matter of LILA ANDERSON, Appellant, v H. CARL MCCALL, as State Comptroller, Respondent. [742 NYS2d 424] —Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered February 23, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for ordinary disability retirement benefits.

Petitioner filed an application for ordinary disability retirement benefits based upon injuries to her hands, arms, elbows, shoulder and neck allegedly sustained when she slipped while lifting a cart. At the hearing which she requested after the initial disapproval of her application, petitioner sought to introduce expert testimony of a "consequential depression" that she had allegedly developed as a result of the physical injuries. When the State and Local Employees' Retirement System objected, the Hearing Officer refused to admit the testimony because petitioner had neither included the psychological disability claim in her application nor sought to amend or supplement the application to include such a claim. Following respondent's denial of her application, petitioner commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition.

Petitioner's only claim on this appeal is that the Hearing Officer erred in refusing to admit the testimony regarding her psychological disability. In providing for hearings following the initial disapproval of an application for retirement benefits, re-

spondent "is not bound by traditional rules of evidence and may adopt [his] own procedures for the admission of evidence, so long as a party's interests are not prejudiced thereby" (*Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 810). The focus of the inquiry upon judicial review of a refusal to admit medical evidence at a hearing of this nature is whether the Hearing Officer abused his or her discretion (*see, Matter of City of Schenectady v McCall*, 245 AD2d 708, 711).

Claim preclusion always results in prejudice. Therefore, the Hearing Officer's exercise of discretion must be carefully analyzed. Here, petitioner mailed the precluded expert's report to the Retirement System prior to the hearing. The Retirement System's only reply was to call petitioner's attorney two days before the hearing to advise that it would object to the expert being allowed to testify. Hence, the Retirement System could not claim surprise.

Pursuant to 2 NYCRR 317.4, the purpose of the initial hearing is to allow a petitioner an opportunity to present the case by calling all witnesses, both lay and expert. No portion of the regulations prohibits a petitioner from calling a witness to testify about a disability, whether or not that witness's report was considered by the Retirement System's medical disability board.* The claim of prejudice is unpersuasive. As the Retirement System sought and was granted an adjournment (actually extending from November 12, 1999 to June 26, 2000) for the purpose of introducing its own medical testimony, several options short of preclusion were available. Either the testimony of petitioner's expert could also have been adjourned or his cross-examination held in abeyance, or he could have been allowed to testify. Under any of these scenarios, the Retirement System could have had petitioner examined by its own expert who could then testify at the adjourned hearing. Under these circumstances, we hold that the Hearing Officer abused his discretion in refusing to allow the expert to testify, which ruling severely prejudiced petitioner's interests.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.

---

* Our holding in *Matter of Di Francesco v Comptroller of State of N.Y.* (277 AD2d 762) is not to the contrary. There, the petitioner elected to proceed on the basis of medical records submitted to the medical disability board and was precluded from introducing additional records or calling a live witness at the hearing. Here, petitioner made no such election.