■ In the Matter of JOSEPH D. DECKER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [759 NYS2d 805] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a former Port Authority police officer, allegedly suffered a disabling back injury in 1983 while attempting to subdue a suspect. Immediately following the accident, petitioner missed approximately six months of work and has since received numerous treatments. Petitioner claims that he was forced to retire in 1994 as a result of continuing pain associated with his injury. Thereafter, petitioner filed applications for accidental disability retirement benefits and performance of duty disability retirement benefits. Respondent Comptroller (hereinafter respondent) disapproved petitioner's applications, finding that he was not permanently incapacitated. Petitioner then requested a hearing and redetermination of both applications pursuant to Retirement and Social Security Law § 374 (d).

The first three scheduled hearings on the matter were adjourned, twice at petitioner's request and once at the request of respondent New York State and Local Police and Fire Retirement System (hereinafter the Retirement System). A fourth hearing held in February 2000 was continued due to the unexplained absence of petitioner's counsel. Petitioner was advised that under 2 NYCRR 317.5 (d), the Retirement System could not consent to any additional adjournments.

At the last scheduled hearing in August 2000, petitioner's

medical witness was not in attendance. Upon the Retirement System's motion, the Hearing Officer accepted into evidence the written medical records that were before the medical board and closed the record. Petitioner's subsequent motions to vacate the Hearing Officer's ruling and reopen the record to introduce additional documentary evidence were denied. The Hearing Officer thereafter denied both retirement applications and respondent adopted the Hearing Officer's findings and conclusions. Petitioner then commenced this CPLR article 78 proceeding challenging respondent's determination.

Initially, we agree with respondent that the Hearing Officer properly denied petitioner's motion to reopen the record and submit additional documentary evidence. The Retirement System " 'is not bound by traditional rules of evidence and may adopt [its] own procedures for the admission of evidence' " as long as a party's rights are not thereby prejudiced (*Matter of Anderson v McCall*, 294 AD2d 740, 741 [2002], quoting *Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 810 [1997]). Inasmuch as petitioner had the opportunity to present testimony regarding his disability at four scheduled hearings, he cannot be considered to have been prejudiced by the Hearing Officer's refusal to accept additional evidence regarding this disability (*cf. Matter of Anderson v McCall, supra* at 740-741). In any event, we will not deem improper the Hearing Officer's ruling simply enforcing a Retirement System rule (*see* 2 NYCRR 317.5 [d]; *see also Matter of Di Francesco v Comptroller of State of N.Y.*, 277 AD2d 762, 763 [2000]).

Further, we conclude that substantial evidence supports respondent's determination. "In the context of a disability case, substantial evidence means 'some credible evidence' " (*Matter of Chrysler v McCall*, 292 AD2d 700, 701 [2002], *lv denied* 98 NY2d 611 [2002], quoting *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760 [1996]). Here, the report of the Retirement System's medical expert, concluding that petitioner was "orthopedically stable and neurologically intact" and did not show any signs of spinal impairment related to his 1983 injury, constituted credible evidence. To the extent that petitioner presented conflicting testimony from specialists and chiropractors, respondent had the " 'authority to resolve conflicts in medical opinion and to credit the testimony of one expert over that of another' " (*Matter of Chrysler v McCall, supra* at 701, quoting *Matter of Whalen v McCall*, 282 AD2d 917, 918 [2001]).

We have considered petitioner's remaining arguments and find them to be lacking in merit.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.