■ In the Matter of STEPHEN J. COLE-HATCHARD, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [759 NYS2d 815] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

In 1997, petitioner, a police detective, injured his left shoulder while participating in a semiannual firearm qualification training session. Specifically, he claims that he was injured by the repeated discharge of a shotgun. Shortly thereafter, he began treating with an orthopedic surgeon who diagnosed him as having, among other injuries, a rotator cuff tear. Petitioner was advised by this physician in July 1998 that the torn rotator cuff had aggravated a prior work-related injury and that he "clearly need[ed] surgical intervention" to correct it. This physician also opined that such surgical intervention would likely result in a good prognosis. Despite this recommendation, petitioner chose not to have surgery and, in September 1998, filed applications for accidental disability and performance of duty disability retirement benefits.

After the initial denial of these applications, a formal hearing was held resulting in a determination by the Hearing Officer that the applications should be denied because petitioner failed to establish that he was permanently disabled from his duties as a police officer (*see* Retirement and Social Security Law §§ 363, 363-c). More to the point, the Hearing Officer found that petitioner's refusal to undergo the recommended surgery was not reasonable (*see Matter of Mondello v Beekman*, 78

AD2d 824 [1980], *affd* 56 NY2d 513 [1982]). Respondent's acceptance of the Hearing Officer's findings prompted the instant proceeding. We now affirm.

Respondent is vested with the exclusive authority to determine applications for retirement (*see* Retirement and Social Security Law § 374 [b]), and his determination must be sustained if supported by substantial evidence (*see Matter of Gabrielsen v McCall*, 285 AD2d 895, 896 [2001]). Here, all of the orthopedic surgeons who testified at the hearing, including petitioner's own expert, agreed that had petitioner undergone surgery when first recommended by his treating physician (who did not testify), he would have had a high probability of achieving a full recovery. Given the fact that these "articulated, rational and fact-based medical opinion[s]" (*Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]) were in substantial agreement on the critical question, there is more than substantial evidence in the record to support the determination.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.