■ In the Matter of TERESA E. MYERS, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [768 NYS2d 835]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner worked as a college library aide for 12 years before filing an application in November 1999 for disability retirement

benefits under Retirement and Social Security Law article 15. In her application, petitioner alleged that carpal tunnel syndrome and chronic tendinitis had rendered her permanently incapacitated from the performance of her employment duties. Following the initial denial of her application, petitioner requested and was granted a rehearing and redetermination. Thereafter, the Hearing Officer also denied petitioner's application on the basis that she did not meet her burden of establishing that she was permanently disabled. Respondent upheld the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

Substantial evidence exists to support the conclusion that petitioner did not meet her burden of demonstrating that she is permanently disabled from performing her employment duties. James Yurdin, a board-certified neurologist, testified on behalf of the New York State and Local Employees' Retirement System and opined that petitioner was not permanently incapacitated from performing the duties of her employment because his physical examination and review of the reports of her treating physicians indicated that she suffered only a mild case of carpal tunnel syndrome, with no weakness of the muscles of the hands and no significant loss of function to the motor nerves of her hands. Contrary to petitioner's contention, Yurdin considered both her former duties as stacks supervisor and her reassignment to periodicals when rendering his opinion. Because this opinion was rational, articulate and founded upon a physical examination and review of petitioner's prior medical history, it provides the requisite substantial evidence supporting respondent's determination (*see Matter of Glynn v New York State & Local Empls. Retirement Sys.*, 286 AD2d 820, 820 [2001]; *Matter of Harper v McCall*, 277 AD2d 589, 590 [2000]). Petitioner's challenges to Yurdin's credentials and opinion are based on the type of alleged deficiencies which presented credibility and conflicting medical opinion issues for respondent to resolve (*see Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 803 [2002]; *Matter of Bull v McCall*, 291 AD2d 628, 629 [2002]). Accordingly, the determination must be confirmed.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.