■ In the Matter of JENNIFER FERGUS, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [774 NYS2d 882]—

Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for disability retirement benefits.

Petitioner, a State Trooper, injured her left knee while participating in a firearms qualification exercise and applied for disability retirement benefits. After her initial application was disapproved, petitioner requested a hearing and redetermination. Thereafter, the Hearing Officer also denied the application upon a finding that petitioner, although temporarily incapacitated from performing the duties of her employment, had unreasonably refused to submit to a reasonably safe, commonplace surgical procedure on her knee that could potentially allow her to return to her duties. Respondent adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

Neither party disputes that petitioner's injury has rendered her temporarily unable to perform the duties of a State Trooper. Therefore, the only issue presented on this appeal is whether respondent's determination that petitioner failed to meet her burden of proving her permanent incapacitation is supported by substantial evidence. We conclude that it is and confirm the determination.

Petitioner testified that, although all the physicians she consulted informed her that she required knee surgery if she was to continue her employment as a State Trooper, she was not willing to undergo surgery because she feared the risks of being placed under general anesthesia. Mary Godesky, a board-certified orthopedic surgeon appearing on behalf of the New York State and Local Employees' Retirement System, who physically examined petitioner, testified that she was an excellent candidate for surgery. Godesky stated that a successful outcome and rehabilitation would eventually render petitioner fully ca-

pable of performing her job duties. Although Godesky admitted that the procedure entailed certain risks common to many surgeries, she further testified that the operation recommended for petitioner was reasonably safe and could be performed with general, spinal or local anesthesia. Petitioner also submitted reports from three examining physicians. Each of these experts stated unequivocally that petitioner would benefit from the surgery; indeed, her treating orthopedic surgeon stated that "[petitioner] should . . . be scheduled for a ligamentous reconstruction in order to allow her to return to full duty as a State Trooper. Until that time[,] the patient will be unable to work at [100%] capacity."

We conclude that Godesky's opinion and the supporting documentation from petitioner's physicians provide substantial evidence supporting respondent's determination that petitioner unreasonably refused to pursue the surgical option available to her and, therefore, could not meet her burden of establishing that she was permanently incapacitated from her duties as a State Trooper (*see Matter of Cole-Hatchard v McCall*, 305 AD2d 913, 913-914 [2003], *lv denied* 100 NY2d 512 [2003]; *Matter of Mondello v Beekman*, 78 AD2d 824, 824 [1980], *affd* 56 NY2d 513 [1982]). To the extent that one of petitioner's experts stated that the prospects of petitioner successfully returning to her employment even with surgery were poor, we note that respondent was authorized to evaluate this conflicting evidence and resolve it in favor of respondent (*see Matter of Di Pofi v New York State & Local Police & Fire Retirement Sys.*, 273 AD2d 734, 735 [2000], *lv denied* 95 NY2d 765 [2000]). Accordingly, we decline to disturb the determination.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.