▪ In the Matter of ERNEST A. DYMOND, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. [805 NYS2d 186]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

The sole issue presented in this proceeding is whether substantial evidence supports respondent's determination denying performance of duty disability benefits* to petitioner for his present conceded disability, a grade III AC shoulder separation. Respondent denied petitioner's application on the basis that the shoulder condition only temporarily disables petitioner from the performance of his duties as a police officer because a safe and reasonable surgical procedure exists to repair the separation, following which physical therapy would restore petitioner's ability to fully perform his job duties.

Under these circumstances, unless petitioner can justify his refusal to have the disability corrected, his application for benefits must be denied (*see Matter of Mondello v Beekman,* 56 NY2d 513, 513 [1982]; *Matter of Fergus v Hevesi,* 6 AD3d 922, 922 [2004]; *Matter of Cole-Hatchard v McCall,* 305 AD2d 913, 913-914 [2003], *lv denied* 100 NY2d 512 [2003]). The only medical witness was an orthopedic surgeon who testified for the New York State Employees' Retirement System that "a simple resection of a half inch of the end of the clavicle or collarbone . . .

---

* Since petitioner's brief does not address the denial of his application for accidental disability retirement benefits, this issue is deemed abandoned (*see Matter of Velazquez v New York State & Local Retirement Sys.,* 17 AD3d 833, 834 n [2005]).

with some tightening of the ligaments in the area," followed by physical therapy, would restore petitioner's separated shoulder to a functional level, allowing petitioner to perform his full and regular duties as a police officer. This medical expert further testified that the surgical procedure was considered minor, reasonable, reliable and safe, presenting little risk to petitioner. On his part, petitioner relied upon documentary evidence and the cross-examination of the medical expert in an effort to demonstrate that the proposed surgical procedure was not reasonable or safe and would not correct petitioner's condition to such a degree as to allow the resumption of his normal police duties. To the extent that conflicting medical evidence is given on an issue, respondent is vested with the authority to resolve such issues (*see Matter of Regan v New York State & Local Employees' Retirement Sys.*, 14 AD3d 927, 928 [2005], *lv denied* 4 NY3d 709 [2005]). As the medical evidence upon which respondent relied was rational, articulate and founded upon a physical examination and review of prior medical history, it constituted substantial evidence to support the determination (*see Matter of Myers v McCall*, 2 AD3d 1250, 1251 [2003], *lv denied* 2 NY3d 702 [2004]; *Matter of Hill v New York State & Local Retirement Sys.*, 295 AD2d 802, 802 [2002]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.