■ In the Matter of RICHARD BECKLEY, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [845 NYS2d 464]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner, an automotive mechanic for a school district, injured his left foot in January 2001 when he attempted to board a school bus. He applied for and was denied disability retirement benefits under Retirement and Social Security Law § 605. After the initial denial, petitioner requested a hearing and redetermination. The Hearing Officer also denied the application upon a finding that petitioner was not permanently incapacitated from performing his duties as he had unreasonably refused to submit to a reasonably safe and common surgical procedure that could potentially resolve his disability. Respondent Comptroller adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

As it is undisputed that petitioner suffers from plantar fasciitis, which has rendered him temporarily unable to perform his regular duties as a mechanic, the sole issue on this appeal is whether substantial evidence supports the Comptroller's determination that petitioner did not establish that the injury rendered him permanently incapacitated.

John Devanny, a board-certified orthopedic surgeon, examined petitioner and appeared on behalf of respondent New York State and Local Retirement Systems. Based on his examination of petitioner and a review of petitioner's medical records, Devanny opined that petitioner was not permanently incapacitated from performing his duties as a mechanic because there were treatments that petitioner had not tried, including plantar fascia release—which he described as a reasonably safe and common, 10-minute outpatient procedure. According to Devanny, the risk of worsening the condition after surgery was extremely rare, but the success rate was approximately 80%. This assessment was in accord with that of John Cambareri, another orthopedic surgeon who had also examined petitioner. In light of the evidence indicating that the procedure was reasonably safe and common, it was petitioner's burden to justify his refusal to consent to it (see Matter of Dymond v Hevesi, 24 AD3d 938, 938 [2005]; Matter of Cole-Hatchard v McCall, 305 AD2d 913, 913-914 [2003], lv denied 100 NY2d 512 [2003]).

In that regard, petitioner testified that he was not willing to undergo surgery because his podiatrist had advised him that the surgery success rate was only 50% and that no procedure exists to correct any worsening of his condition if the surgery were unsuccessful. In support of his testimony, petitioner

submitted a report from another podiatrist who opined that the success rate of the surgery was approximately 50%. The Comptroller is free to resolve conflicting medical testimony and, thus, we find that substantial evidence supports the Comptroller's determination that petitioner was not permanently incapacitated because a reasonably safe and common surgical procedure exists that could resolve petitioner's disability (*see Matter of Zindell v Hevesi,* 27 AD3d 996, 997 [2006]; *Matter of Dymond v Hevesi,* 24 AD3d at 939; *Matter of Fergus v Hevesi,* 6 AD3d 922, 923 [2004]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.