In the Matter of EDWARD MULLINS, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [853 NYS2d 216]—

Mercure, J.

Petitioner was employed as a police sergeant by the Town of Warwick, Orange County, from 1992 until 2003. He filed for accidental disability and performance of duty disability retirement benefits in November 2003, alleging that he was permanently disabled due to an injury to his thumb sustained while making an arrest. Following hearings, petitioner's applications were denied, prompting this CPLR article 78 proceeding challenging respondent Comptroller's determination.

We confirm. Respondents concede that petitioner's injuries were the result of an "accident" within the meaning of Retirement and Social Security Law § 363; the sole issue in this proceeding is whether substantial evidence supports the determination that petitioner is not permanently incapacitated from

performing the duties of a police sergeant (*see Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d 1267, 1268 [2007]). John Mazella, a board-certified orthopedic surgeon who examined petitioner on behalf of respondent New York State Retirement System, testified that although EMG nerve conduction studies were necessary to confirm which of two possible diagnoses applied to petitioner, safe and effective surgical procedures were available to correct either of the two conditions. In addition, petitioner's medical records indicate that his treating physicians recommended surgery, which was not performed solely due to petitioner's apprehensiveness.

Inasmuch as Mazella's opinion was rational, articulate and fact-based, it constitutes substantial evidence to support the Comptroller's determination that petitioner unreasonably refused to undergo a surgical procedure to resolve his disability and, thus, failed to establish that he was permanently incapacitated (*see Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d at 1268-1269; *Matter of Dymond v Hevesi*, 24 AD3d 938, 938-939 [2005]; *Matter of Mondello v Beekman*, 78 AD2d 824, 824 [1980], *affd* 56 NY2d 513 [1982]). Petitioner's assertion that Mazella's opinion should have been rejected because he is not a hand surgeon is meritless. "[T]he fact that a physician [is] not a specialist in a particular area generally goes to the weight to be given the expert testimony[,] not its admissibility," and the Hearing Officer is vested with the authority to weigh the relevant medical evidence (*Matter of Marx v McCall*, 306 AD2d 797, 799 [2003]; *see Matter of Varriano v Hevesi*, 40 AD3d 1357, 1359 [2007], *lv denied* 9 NY3d 815 [2007]). Petitioner's remaining argument has been considered and found to be lacking in merit.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.