In the Matter of KEITH HOFMANN, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [913 NYS2d 839]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, was injured while attempting to break up a fight between inmates in February 1995 and has not worked since that time. A Hearing Officer denied his application for performance of duty disability retirement benefits,

finding that he failed to establish that his disability was the natural and proximate result of the inmate incident. Respondent Comptroller adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

Although rules and procedures regarding evidence used in courts do not control in administrative proceedings, an agency must nonetheless avoid adopting a course as to such issues that substantially prejudices one party (*see* State Administrative Procedure Act § 306 [1]; *Matter of Anderson v McCall*, 294 AD2d 740, 740-741 [2002]; *Matter of Kinlock v New York State & Local Employees' Retirement Sys.*, 237 AD2d 810, 810 [1997]). Here, the same orthopedic surgeon examined petitioner in 2000 for respondent New York State and Local Employees' Retirement System and again in 2005 in relation to petitioner's workers' compensation claim. The two reports of the surgeon set forth conflicting conclusions regarding the key issue of whether petitioner's disability was causally related to the 1995 incident. The Hearing Officer admitted into evidence and relied, in part, on the earlier report that was unfavorable to petitioner. However, citing to our decision in *Matter of Kohli v McCall* (279 AD2d 859 [2001]), the Hearing Officer denied admission into evidence of the latter report that was favorable to petitioner's position. While one administrative agency's determination of an issue is not necessarily binding on another agency's consideration of the issue in a different proceeding (*see id.* at 860), fundamental fairness requires that—absent some separate problem with admissibility such as, for example, inadequate foundation—where the same expert issues reports that appear to render conflicting opinions on a key issue involving the same accident and injury, a party should be permitted to have both reports considered. Admitting only the unfavorable report, and citing thereto, resulted in substantial prejudice to petitioner. Accordingly, the matter must be remitted to permit, at a minimum, consideration of both reports. It is unnecessary to address the remaining issues in light of our holding.

Peters, J.P., Spain, Rose and McCarthy, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent Comptroller for further proceedings not inconsistent with this Court's decision.