■ In the Matter of ALETHIA AHMED-PARKIN-CHIRCO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [924 NYS2d 595]—

Spain, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in

Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In May 2000, petitioner was injured while working as a correction officer when one of the wheels fell off a food cart being pushed by two inmates and it landed on her foot. Although petitioner returned to work, she eventually underwent surgery to repair her foot and alleviate the pain that she was experiencing. This surgery proved unsuccessful in that petitioner continues to have significant pain, walks with a cane, is unable to put pressure on the foot and cannot stand for long periods of time. Petitioner's subsequent application for performance of duty disability retirement benefits was denied on the ground that her disability was not permanent and petitioner sought a hearing and redetermination. Finding that a reasonable corrective procedure is available, the Hearing Officer also denied petitioner's application. Upon review, respondent Comptroller affirmed. Petitioner thereafter commenced the instant CPLR article 78 proceeding.

It is not disputed that petitioner is presently disabled from performing the duties of a correction officer. However, there is substantial evidence supporting the determination that reasonable corrective surgery is available which, if successfully performed, is likely to sufficiently improve petitioner's status to enable her to return to full duty (*see Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1237 [2010]; *Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d 1267, 1269 [2007]; *Matter of Cole-Hatchard v McCall*, 305 AD2d 913, 914 [2003], *lv denied* 100 NY2d 512 [2003]). To the extent that petitioner's physician offered conflicting testimony, the Comptroller is empowered to resolve such differences and credit one expert's opinion over that of another (*see Matter of Hulse v DiNapoli*, 70 AD3d at 1237; *Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d at 1269). We do not agree with petitioner's contention that the report and testimony of the physician who conducted the independent medical examination should have been disregarded based on the fact that he referred her to a particular physician to perform the corrective surgery. There is no contention that this doctor had any professional, personal or other interest in making such recommendation. Nor are we persuaded that the Comptroller improperly denied petitioner's request to reopen the hearing to present additional proof in the form of a medical research article (*see Matter of Decker v McCall*, 305 AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.