In the Matter of THOMAS R. JACKSON, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [929 NYS2d 893]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner injured his neck, back and right shoulder in a car accident while working as a police officer. Petitioner's subsequent applications for accidental and performance of duty disability retirement benefits were denied. Petitioner sought a hearing and redetermination and the Hearing Officer denied his applications, finding that petitioner is not permanently incapacitated from performing his job duties because there is a reasonably safe surgical procedure that could resolve his right shoulder disability. Upon review, respondent affirmed, prompting this CPLR article 78 proceeding.

Petitioner bore the burden of establishing that he was permanently incapacitated from the performance of his employment (*see Matter of Landgrebe v DiNapoli*, 77 AD3d 1047, 1047 [2010]; *Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d 1267, 1268 [2007]). Respondent is authorized to resolve issues of credibility and credit the opinion of one expert over that of another (*see Matter of Hulse v DiNapoli*, 70 AD3d 1235, 1237 [2010]; *Matter of Beckley v New York State & Local Retirement Sys.*, 43 AD3d at 1269). The record reflects that petitioner is disabled due to the right shoulder injury sustained in the subject accident. The expert who examined petitioner on behalf of the New York State and Local Retirement System identified a procedure that could resolve petitioner's shoulder disability. Petitioner testified that he is unable to undergo the procedure because he is a liver transplant recipient. However, the Retirement System's expert noted that petitioner's status as a liver transplant recipient is not a contraindication for this procedure. Moreover, although petitioner's doctor indicated his support of petitioner's decision not to undergo the procedure because he could not guarantee that it would substantially improve petitioner's condition, there is no medical evidence in the record that petitioner is unable to undergo the procedure due to his health status. Accordingly, this record contains substantial evidence supporting respondent's determination that a reasonably safe procedure to correct petitioner's disability is available and, therefore, we will not disturb it (*see Matter of Hulse v DiNapoli*, 70 AD3d at 1237; *Matter of Dymond v Hevesi*, 24 AD3d 938, 939 [2005]).

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.