In the Matter of RICHARD J. CAPRARO, JR., Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [936 NYS2d 372]—

Spain, J.

We confirm. An applicant for accidental disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from performing his or her job duties (*see Matter of Wilkinson v DiNapoli*, 86 AD3d 851, 852 [2011]; *Matter of Byrne v DiNapoli*, 85 AD3d 1530, 1531 [2011]). Here, the only competent medical evidence presented was an independent medical examination that found that the December 2007 incident did not cause petitioner's knee injury, but, rather, aggravated a preexisting condition and that temporary damage to the knee had been resolved to its preaccident condition. The report further opined that the accident was the cause of petitioner's right shoulder injury, but that a reasonably safe surgical procedure was available that would correct that condition. Inasmuch as respondent's denial of benefits was premised upon this medical report, we find that the determination was supported by substantial evidence (*see Matter of Biro v DiNapoli*, 85 AD3d 1531, 1533 [2011]; *Matter of Hodio v DiNapoli*, 84 AD3d 1686, 1686 [2011]).

Petitioner further contends that the Hearing Officer erred in failing to consider certain medical evidence presented and in refusing a request for an adjournment of the hearing to submit additional evidence. We disagree. Upon his application for benefits, petitioner was sent a letter by the New York State and Local Retirement System informing him that he had 45 days to submit additional medical information. The record discloses that petitioner made two submissions of medical information, both well past the 45-day deadline, and neither appeared to include information about the results of his shoulder surgery. Furthermore, while the regulations require that an adjournment be requested in writing at least three days prior to the commencement of a hearing, petitioner did not request an adjournment for the purpose of submitting additional medical evidence until after the hearing commenced (*see* 2 NYCRR 317.5 [b]). Inasmuch as petitioner had the opportunity, pursuant to the regulations, to submit additional medical information or timely request an adjournment for that purpose, we cannot say that the Hearing Officer's rulings enforcing the Retirement System's rules were improper or an abuse of discretion (*see* 2 NYCRR 317.5 [b]; 317.9 [b]; *Matter of Decker v McCall*, 305

AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]; *Matter of Di Francesco v Comptroller of State of N.Y.*, 277 AD2d 762, 762-763 [2000]).

Mercure, A.P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.