Egan Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner, a psychologist, began to experience back pain in 2005 and, in 2007, underwent two surgeries for a herniated disc. Respondent New York State and Local Retirement System denied petitioner’s subsequent application for disability retirement benefits upon the ground that she was not permanently incapacitated from the performance of her duties and, following a hearing and redetermination, respondent Comptroller reached the same conclusion. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the Comptroller’s determination.
We confirm. An applicant for disability retirement benefits bears the burden of establishing that he or she is permanently incapacitated from the performance of his or her job duties (see Matter of Loysen v New York State & Local Retirement Sys., 100 AD3d 1168, 1169 [2012]). Here, although petitioner submitted medical evidence of a disability, such proof did not address the issue of permanency (see Matter of Terry v New York State Comptroller, 39 AD3d 1116, 1117 [2007]). Indeed, the only medical evidence bearing upon the question of permanent incapacity was a report from an independent medical examiner, who— after examining petitioner and reviewing her medical file— opined that she was not permanently incapacitated from performing the duties of a psychologist from an orthopedic point of view. Accordingly, we find substantial evidence to support the Comptroller’s determination (see Matter of Mulvaney v DiNapoli, 92 AD3d 1021, 1021 [2012]).*
Finally, contrary to petitioner’s assertion, any finding made by the Social Security Administration with regard to incapacity is not binding here (see Matter of Zuckerberg v New York State Comptroller, 46 AD3d 1057, 1059 [2007], lv denied 10 NY3d 712 *1213 [2008]). Petitioner’s remaining contentions have been examined and found to be lacking in merit.
Peters, PJ., Spain and Garry, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.

 To the extent that petitioner contends that the examiner was provided with an outdated job description, the record reflects that petitioner informed him of the duties associated with her position.