Rose, J.P.
Froceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for disability retirement benefits.
*975 Petitioner worked as a vocational instructor with the Department of Corrections and Community Supervision. In 2008, he applied for disability retirement benefits under Retirement and Social Security Law article 15, claiming to be permanently incapacitated from performing his job duties as the result of various work-related injuries suffered between 2002 and 2007. Following a hearing, respondent Comptroller denied petitioner’s application on the ground that he failed to establish that he is permanently incapacitated from performing his job duties. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. As an applicant for disability retirement benefits, petitioner bore the burden of establishing that he is permanently incapacitated from the performance of his job duties (see Matter of Pennachio v DiNapoli, 95 AD3d 1557, 1557 [2012]; Matter of Jackson v DiNapoli, 87 AD3d 1258, 1259 [2011]). Petitioner relies on his medical records, which reflect that, between 2002 and 2007, he suffered injuries to his back, both knees and both shoulders, and underwent various surgeries as a result. Petitioner testified that he is permanently incapacitated from performing his job duties based upon the injuries and the side effects of the related pain medication.* His medical records reflect, however, that his treating physician has classified his disability as temporary, and there is no opinion from any physician that petitioner suffers from a permanent incapacity.
In opposition, respondent New York State and Local Employees’ Retirement System presented the medical report and testimony of Thomas Pastore, an orthopedic surgeon who examined petitioner on its behalf. Pastore concluded, based upon his examination of petitioner and a review of his medical records, that petitioner has objective symptoms related to arthritis in his lower back and right knee, but opined that these conditions do not permanently incapacitate petitioner from performing his job duties. In light of Pastore’s opinion, and inasmuch as petitioner did not present a definitive medical opinion that he was permanently incapacitated from performing his job duties, the Comptroller’s determination is supported by substantial evidence and will not be disturbed (see Matter of Cooke v DiNapoli, 96 AD3d 1340,1341 [2012]; Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012]).
Stein, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 To the extent that petitioner also testified that he has been found by the Workers’ Compensation Board to have a permanent disability, such a determination is not binding in this proceeding (see Matter of Di Francesco v Comptroller of State of N.Y., 277 AD2d 762, 763 [2000]).