*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    518081
_____

In the Matter of MICHAEL X.
    WELDON,
                    Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

_____

        Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan
G. Quinn of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for State Police disability retirement benefits.

        Petitioner, a State Police investigator, applied for State
Police disability retirement benefits, claiming that he is
permanently incapacitated from performing his job duties due to
injuries suffered to his left shoulder sustained in incidents
that occurred in 2003 and 2008.  The application was initially
denied and petitioner requested a hearing and redetermination.
Following hearings, the Hearing Officer upheld the denial of the

application, concluding that petitioner had not established that he was permanently incapacitated from performing his job duties. Respondent upheld that determination and this CPLR article 78 proceeding ensued.

We confirm. "An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from performing his or her job duties" (Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1146 [2014], lv denied ___ NY3d ___ [June 30, 2014] [citations omitted]). Here, petitioner submitted his medical records, which contain evidence of a disability, but lack a finding of permanency (see Matter of Weaver v DiNapoli, 108 AD3d 974, 975 [2013]; Matter of Carmody-Kapral v New York State & Local Retirement Sys., 105 AD3d 1212, 1212 [2013]).[1] In contrast, the New York State and Local Police and Fire Retirement System presented the medical reports and testimony of a neurologist and an orthopedic surgeon, both of whom examined petitioner and reviewed his records. The neurologist found no objective evidence of a neurologic condition that would indicate a permanent disability. The orthopedic surgeon opined that petitioner suffers from chronic regional pain syndrome and had a temporary total disability. He further opined that, although petitioner had undergone physical therapy, that therapy was focused on pain relief, and that his condition could improve with aggressive physical therapy aimed at functional improvement. Although he believed that petitioner's prognosis for returning to work was only fair, he could not find that his condition was permanent. Accordingly, respondent's determination is supported by substantial evidence and will not be disturbed (see Matter of Weaver v DiNapoli, 108 AD3d at 975; Matter of Cooke v DiNapoli, 96 AD3d 1340, 1341 [2012]).

---

[1] Although petitioner testified that the Workers' Compensation Board and Social Security Administration had found him to be permanently incapacitated, such determinations are not binding upon respondent (see Matter of Zuckerberg v New York State Comptroller, 46 AD3d 1057, 1059 [2007], lv denied 10 NY3d 712 [2008]).

Garry, Rose, Egan Jr. and Clark, JJ., concur.


     ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court