■ In the Matter of the Estate of GERALD B. SHEPPARD, Deceased. NANCY BUCK, as Administrator of the Estate of GERALD B. SHEPPARD, Deceased, Respondent; CHERYL BUONO, Appellant, et al., Respondents. [11 NYS3d 697]—

Lahtinen, J. Appeal from an order of the Surrogate's Court of Sullivan County (LaBuda, S.), entered April 5, 2013, which granted petitioner's application, in a proceeding pursuant to SCPA 2107, to approve the sale of certain real property belonging to decedent's estate.

Gerald B. Sheppard (hereinafter decedent) died intestate in 2006 leaving 10 siblings who are his distributees. One sibling was appointed administrator but was removed in 2011, and petitioner—the Sullivan County Treasurer—was thereafter named administrator.[1] As relevant here, the estate includes 251 acres of property comprised of seven apparently contiguous parcels of varying sizes. Petitioner contracted to sell a 6.81-acre portion from a 78-acre parcel to one of the distributees, respondent Robert Sheppard and his wife, for $45,000 subject to various conditions, including approval of the sale by Surrogate's Court. The portion of property had a house on it that had not been used for many years and reportedly was in very poor condition.

Petitioner commenced this proceeding via order to show cause seeking judicial approval of the sale pursuant to SCPA 2107. The petition referenced an appraisal that had been prepared of the entire 251 acres by Eldred Carhart. Eight of the 10 distributees supported the sale; however, respondents Cheryl Buono and Jacon Sheppard opposed it. By the time of the adjourned return date in November 2012, Buono had obtained appraisals of the property from Debra Natalizio. Surrogate's Court heard the parties' various arguments and

---

1. The former Sullivan County Treasurer, Ira J. Cohen, was originally named as administrator. However, he died while this proceeding was pending and the current administrator was appointed in December 2014 by Surrogate's Court.

indicated that the testimony of Natalizio would be taken. Prior to the hearing, a further appraisal of the relevant 6.81-acre portion of property was prepared for petitioner by Robert Buckles. At the fact-finding hearing in January 2013, Natalizio testified and, over Buono's objection, Carhart was then permitted to testify. Surrogate's Court approved the sale and Buono now appeals.

Buono argues that Surrogate's Court should have dismissed the petition because petitioner did not establish "extraordinary circumstances" as required by SCPA 2107 (2). Buono failed to preserve this issue by raising it before Surrogate's Court (*see Matter of Piccillo*, 43 AD3d 1344, 1344 [2007]). In any event, under the circumstances and in light of the considerable conflict among the interested parties regarding the proposed sale, Surrogate's Court did not abuse its discretion in entertaining the application (*see Matter of Mastroianni*, 105 AD3d 1136, 1138 [2013]).

Next, Buono contends that the fact-finding hearing lacked fundamental fairness in that she did not receive accurate notice of what proof would be considered at the hearing and she was not permitted to adequately present her evidence. Once Surrogate's Court decided to conduct a hearing as to an issue implicated in the petition,[2] the hearing necessarily had to be conducted in an impartial and meaningful manner (*see Matter of Kaur v New York State Urban Dev. Corp.*, 15 NY3d 235, 260 [2010], *cert denied* 562 US 1108 [2010]; *Matter of Hofmann v New York State Comptroller*, 80 AD3d 871, 872 [2011]; *Mayo v Personnel Review Bd. of Health & Hosps. Corp.*, 65 AD3d 470, 473 [2009]). During the November 2012 conference, Surrogate's Court stated that it was directing a hearing regarding Natalizio's appraisals. When asked to clarify whether the hearing was limited to Natalizio's appraisals and would not include Carhart's appraisal, the court stated that such was the case; when counsel requested that Carhart be included at the hearing, the court denied the request. However, petitioner produced Carhart at the hearing and indicated he might testify. Buono's counsel objected, stating that he had been given no notice that the scope of the hearing had been expanded, he had not prepared to cross-examine Carhart, and he requested time to prepare to cross-examine Carhart. Nevertheless, petitioner was permitted by Surrogate's Court to present proof from Carhart. Surrogate's Court further refused multiple requests

---

**2.** We note that it appears that the parties had agreed that the issue could be decided upon submission of their papers, but Surrogate's Court nevertheless directed a hearing.

during the course of the hearing to clarify the scope thereof, specifically, whether it would be limited to just one day, whether Buono would be permitted to call additional witnesses and whether the other appraiser (i.e., Buckles) would be allowed to testify. This denied Buono adequate notice to make basic strategic decisions during the hearing. Review of the record reveals that the scope of the hearing changed on a critical issue without notice to Buono and with no accommodation to allow Buono to respond thereto in a meaningful manner. Accordingly, the order must be reversed and petitioner's application for judicial approval of the sale pursuant to SCPA 2107 must be considered by a different judge.

The remaining issue is academic in that, although this record supports the sale, Buono was denied the opportunity to adequately develop the record regarding such issue.

Peters, P.J., McCarthy and Rose, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Surrogate's Court of Sullivan County for further proceedings not inconsistent with this Court's decision before a different judge.