Matter of Ruggiero v New York State Comptroller (2018 NY Slip Op 01695)





Matter of Ruggiero v New York State Comptroller


2018 NY Slip Op 01695


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525324

[*1]In the Matter of MICHAEL RUGGIERO, Appellant,
v
NEW YORK STATE COMPTROLLER et al., Respondents.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Edelstein & Grossman, New York City (Jonathan I. Edelstein of counsel), for appellant.
Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (DeBow, J.), entered October 26, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Comptroller denying petitioner's application for accidental disability retirement benefits.
In April 2011, petitioner, a police detective, applied for accidental disability retirement benefits based on alleged injuries to his knees and left leg, ankle and foot resulting from an assault by an individual that petitioner had attempted to detain in July 2010. Petitioner's application was denied based
on a determination that he was not permanently incapacitated from the performance of his duties. Petitioner made a timely request for a rehearing and redetermination of the denial, and a hearing was subsequently held on the issues of permanent incapacity and causation. At the conclusion of the hearing, the Hearing Officer, crediting the opinion of the expert for respondent New York State and Local Employees' Retirement System over the opinion of the expert for petitioner, concluded that petitioner had failed to meet his burden of proving that he was permanently incapacitated. Respondent Comptroller adopted the Hearing Officer's recommendation. Petitioner commenced this CPLR article 78 proceeding to annul the determination, and Supreme Court thereafter dismissed the petition. Petitioner now appeals.
We affirm. Petitioner's sole contention on appeal is that the Hearing Officer's denial of his motion to reopen his case to submit an additional medical report was arbitrary and capricious. [*2]"The focus of the inquiry upon judicial review of a refusal to admit medical evidence at a hearing of this nature is whether the Hearing Officer abused his or her discretion" (Matter of Anderson v McCall, 294 AD2d 740, 741 [2002] [citation omitted]). At the initial hearing on September 3, 2014, petitioner presented the expert testimony of James Penna, who opined that petitioner was permanently incapacitated, and he also provided his own testimony. Petitioner then "rest[ed] . . . and defer[red] to the Retirement System to call [its] witness," prompting the Hearing Officer to schedule a second hearing for June 10, 2015 for the presentation of the Retirement System's witnesses. When the parties reconvened for the second hearing on that date, and before testimony could be taken from the Retirement System's witnesses, petitioner moved to reopen his case so that he could provide further testimony and a May 7, 2015 MRI report obtained after a recent fall when his knee had buckled. The Hearing Officer denied petitioner's application to reopen his case.
Even if we were to agree with petitioner that the May 2015 MRI report was somehow relevant to the question of whether petitioner was permanently incapacitated from performing his job duties at the time that he filed his application for benefits in April 2011 (see Retirement and Social Security Law § 363 [a] [1]; Matter of Hughes v New York State Police & Firemen's Retirement Sys., 245 AD2d 946, 946-947 [1997]), and that the issue was preserved for our review, the Comptroller's regulations expressly require petitioner to present all of his evidence in support of his claim at the initial hearing (see 2 NYCRR 317.4 [a], [b]; Matter of Regan v New York State & Local Employees' Retirement Sys., 14 AD3d 927, 929 [2005], lv denied 4 NY3d 709 [2005], lv dismissed 5 NY3d 824 [2005]; Matter of Anderson v McCall, 294 AD2d at 741; Matter of Knight v New York State & Local Employees' Retirement Sys., 266 AD2d 774, 776 [1999]). Inasmuch as petitioner rested his case at the conclusion of the initial hearing and failed thereafter to request an adjournment or to make any request to submit additional evidence until the commencement of the second hearing (see Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012]; see generally 2 NYCRR 317.5), we cannot conclude, under these circumstances, that the Hearing Officer abused his discretion in denying petitioner's motion to reopen his case (see Matter of Ahmed-Parkin-Chirco v New York State Comptroller, 84 AD3d 1684, 1685 [2011], lv denied 17 NY3d 711 [2011]; Matter of Decker v McCall, 305 AD2d 782, 783 [2003], lv denied 100 NY2d 512 [2003]; Matter of Amodeo v McCall, 257 AD2d 872, 873 [1999]). Even accepting that petitioner timely moved to submit new medical evidence at the start of the second hearing (see generally 2 NYCRR 317.3 [e]), we would not conclude that the Hearing Officer abused his discretion in denying the motion to reopen. Petitioner's medical expert had already testified that petitioner had a preexisting right knee issue requiring surgery. Although the right knee was aggravated during the July 2010 incident, the medical expert acknowledged that any disability limiting petitioner's ability to work was minimal. As such, the proffered new evidence concerning the buckling of petitioner's right knee nearly five years later was of limited moment (see Retirement and Social Security Law § 363 [a] [1]).
McCarthy, J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.