In the Matter of ARTIS L. BEATTY, Petitioner, v H. CARL McCALL, as State Comptroller, Respondent. [769 NYS2d 919]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by the order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a former parole officer, filed an application for accidental disability retirement benefits based upon injuries to his wrist, back, neck and elbow, which allegedly were sustained during the course of five separate job-related incidents occurring between 1978 and 1997. Following a hearing and redetermination, respondent denied petitioner's application finding, insofar as is relevant to this proceeding, that petitioner had failed to demonstrate that he was permanently incapacitated from the performance of his duties as a parole officer as a result of the accident that occurred in 1996. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

Petitioner, as so limited by his brief, contends only that respondent erred in concluding that he was not permanently incapacitated from the performance of his duties as a parole officer based upon the injuries sustained during the course of the 1996 job-related accident.* We cannot agree. Although petitioner's

---

\* In this regard, petitioner does not challenge respondent's finding that he failed to give timely notice as to the 1978, 1979 or 1987 incidents or that the 1997 incident did not qualify as an "accident." Accordingly, we deem these issues to be abandoned (*see Matter of De Carolis v McCall*, 272 AD2d 824 [2000]).

treating physician indeed opined that petitioner no longer could perform the usual and customary duties of his position, the board-certified orthopedic surgeon who evaluated petitioner on behalf of the New York State and Local Employees' Retirement System reached a contrary conclusion, testifying that the results of his examinations of petitioner revealed no orthopedic abnormalities that would preclude petitioner from performing the duties of a parole officer. The conflict between these competing expert opinions and other medical evidence in the record simply presented a credibility issue for respondent to resolve (*see Matter of Decker v McCall*, 305 AD2d 782, 783 [2003], *lv denied* 100 NY2d 512 [2003]). As respondent's determination in this regard is supported by substantial evidence in the record as a whole, it will not be disturbed.

Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.