■ In the Matter of PRINCETTA CLARK, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [845 NYS2d 192]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for disability retirement benefits.

Petitioner began working as a parole officer in June 1987 and remained so employed until June 1999 when a series of job-related incidents allegedly culminated in disabling back injuries that, in turn, compelled her to cease working. Petitioner thereafter filed applications for disability retirement benefits and, following the denial thereof, requested a hearing at which she and various physicians appeared and testified. At the conclusion of that hearing, the Hearing Officer upheld the denial of petitioner's applications upon the ground that she was not permanently incapacitated from performing her duties as a parole officer. Respondent Comptroller adopted that decision with supplemental findings of fact, and this CPLR article 78 proceeding to challenge the Comptroller's determination ensued.

We confirm. Simply put, the record reveals conflicting medical opinions regarding the extent of petitioner's alleged disability. Based upon their review of the relevant medical records, as well as their respective physical examinations of petitioner, the two physicians who examined petitioner on behalf of respondent New York State and Local Employees' Retirement System opined that petitioner was not permanently incapacitated from

performing her duties as a parole officer. As such opinion is both rational and fact based, it is sufficient to support the Comptroller's determination in this regard (*see Matter of Rolandelli v Hevesi*, 27 AD3d 945, 946 [2006]). The contrary opinion of petitioner's treating physician, which is entitled to no greater weight than that of any other expert (*see id.*; *Matter of English v McCall*, 6 AD3d 923, 924 [2004]), presented a credibility issue for the Comptroller to resolve (*see Matter of Beatty v McCall*, 3 AD3d 714, 715 [2004]). Petitioner's remaining contentions, including her assertion that the Hearing Officer applied the incorrect standard of review, have been examined and found to be lacking in merit.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.