Rose, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for State Police disability retirement benefits.
Petitioner, a State Trooper, injured his right shoulder in December 2009 when he slipped off the driver’s side step while inspecting a tractor trailer and grabbed a handle to break his fall. He underwent surgery for tears in his rotator cuff and labrum in March 2010 and, thereafter, returned to light duty work for a short period before retiring in December 2010. Petitioner then submitted an application for State Police disability retirement benefits, which was denied by respondent New York State and Local Police and Fire Retirement System. Petitioner requested a hearing and redetermination and, following hearings, a Hearing Officer concluded that he had failed to sustain his burden of demonstrating that he was permanently incapacitated from performing his duties. Respondent Comptroller, as relevant here, adopted the decision and denied benefits, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. An applicant for disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from performing his or her job duties (see Matter of Weaver v DiNapoli, 108 AD3d 974, 975 [2013]; Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307 [2013]). The Comptroller is vested with the authority to resolve conflicts in the medical evidence (see Matter of Kennedy v DiNapoli, 106 AD3d 1429, 1430 [2013], lv denied 22 NY3d 851 [2013]; Matter of O’Shaughnessy v New York State Comptroller, *1147 105 AD3d 1197, 1198 [2013]), and his determination will not be disturbed if supported by substantial evidence (see Matter of Peluso-Torres v DiNapoli, 108 AD3d 1005, 1006 [2013]; Matter of Weaver v DiNapoli, 108 AD3d at 975). Here, the Retirement System presented the testimony of John Mazella, an orthopedic surgeon who opined that petitioner was not permanently incapacitated inasmuch as reasonably safe revision surgery was available to correct his condition and that the prognosis was very good for petitioner to regain full functional strength. This opinion was buttressed by the opinions of one of petitioner’s treating surgeons and an independent medical examiner that surgery was indicated.
We reject petitioner’s contention that simply because the initial surgery was unsuccessful, the second proposed surgery cannot be said to be “reasonably and safely available” (Matter of Dingee v DiNapoli, 56 AD3d 876, 877 [2008]; see generally Matter of Kauffman v Dolce, 216 AD2d 298, 299 [1995]; Matter of Messina v Speranza, 79 AD2d 807, 808 [1980]). Mazella testified that the first surgery had mixed success in that petitioner’s labrum was repaired and there was no indication that there was further injury to that muscle. Further, Mazella stated that, before the initial surgery, there was some superficial tearing of the, supraspinatus which was addressed, but that incidents may have occurred after the initial surgery that created the retracted tear that required further surgery. Furthermore, Mazella testified at length on the type of surgery recommended for petitioner and, given the medical factors to be considered, petitioner’s characteristics bode well for a successful outcome. Thus, despite the opinion of petitioner’s treating orthopedic doctor that a second surgery would not prove successful, we find substantial evidence in the record to support the Comptroller’s determination (see Matter of Volpe v Murray, 112 AD3d 1054, 1055 [2013]; Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]).
Peters, EJ., Garry and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.