*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 26, 2015                    519038
_____

In the Matter of SHARON L.
    ANDERSON,
                         Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                         Respondent.
_____

Calendar Date:   February 11, 2015

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                         _____

         Chiacchia & Fleming, LLP, Hamburg (Andrew P. Fleming of
counsel), for petitioner.

         Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                         _____

Devine, J.

         Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which denied petitioner's
application for accidental disability retirement benefits.

         In 2007, petitioner was injured while working as a police
officer when she was involved in a car accident.  Following the
denial of her application for accidental disability retirement
benefits, petitioner sought a hearing and redetermination.  The
Hearing Officer determined that petitioner was not permanently
incapacitated from performing her normal employment duties.
Respondent made two minor supplemental findings of fact and,

after otherwise accepting the Hearing Officer's determination, denied petitioner's application.  This CPLR article 78 proceeding ensued.

We confirm.  As an applicant for accidental disability retirement benefits, petitioner bore the burden of proving that, among other things, she is permanently incapacitated from performing her job duties (see Matter of Weldon v DiNapoli, 120 AD3d 869, 869 [2014], lv denied 24 NY3d 914 [2015]; Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1146 [2014], lv denied 23 NY3d 906 [2014]).  Moreover, respondent is vested with the authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over another, and his determination will be sustained if supported by substantial evidence (see Matter of Cepeda v New York State Comptroller, 115 AD3d at 1146-1147; Matter of Hodio v DiNapoli, 84 AD3d 1686, 1686 [2011]).  In this matter, the Hearing Officer noted that many of the physicians who examined petitioner did not make any determination with respect to the permanency of her condition.  While petitioner's primary care physician and another physician, James McGlowan, who performed an independent medical examination on behalf of the New York State and Local Police and Fire Retirement System, did conclude that petitioner was permanently incapacitated, the Retirement System presented the testimony of an orthopedic surgeon, Thomas Pastore, who examined petitioner and concluded that she was not permanently disabled.  The Hearing Officer credited Pastore's conclusion over that of the two physicians who disagreed with him, noting that petitioner's primary physician had made inconsistent conclusions regarding permanency and McGlowan had relied primarily on petitioner's subjective complaints of pain, whereas Pastore administered objective tests to determine whether petitioner's physical examination correlated with her complaints.

Inasmuch as Pastore offered a rational, fact-based opinion based upon a physical examination and petitioner's medical records, his testimony provided substantial evidence to support respondent's denial of benefits.  Thus, respondent's determination will not be disturbed despite the existence of other evidence to support a different conclusion (see Matter of Weldon v DiNapoli, 120 AD3d at 870; Matter of Cepeda v New York

State Comptroller, 115 AD3d at 1147; Matter of Hodio v DiNapoli, 84 AD3d at 1686).  Petitioner's reliance upon the determinations of other agencies is inapposite — such determinations are not binding on respondent (see Matter of Weldon v DiNapoli, 120 AD3d at 870 n) — and her remaining arguments lack merit.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court