■ In the Matter of BRENT J. COOK, JR., Petitioner, v NEW YORK STATE COMPTROLLER, Respondent. [23 NYS3d 670]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.

Petitioner, a police lieutenant, was employed by the Nassau County Police Department as an administrative supervisor when, on March 26, 2010, he was injured in a motor vehicle accident while on duty. When petitioner returned to work on or about March 30, 2010, he was placed on restricted-duty status, i.e., he "was no longer allowed to perform patrol function[s]" and instead was limited to working in a clerical capacity. In February 2011, petitioner applied for accidental disability retirement benefits, alleging that he was permanently incapacitated from the performance of his duties due to certain neck and back injuries sustained in the accident. The application was denied, and petitioner requested a hearing and redetermination.* At the conclusion thereof, the Hearing Officer found that petitioner failed to establish that he was permanently incapacitated from the performance of his duties and upheld the denial of his application for benefits. Respondent, in turn, adopted the Hearing Officer's findings and recommendation, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.

---

* Petitioner was awarded a standard service retirement in or about March 2012.

During the course of the administrative hearing, the parties stipulated that the March 26, 2010 incident constituted an accident within the meaning of the Retirement and Social Security Law § 363; hence, the issue distilled to whether petitioner established that he was permanently incapacitated from performing his job duties (*see Matter of Anderson v Di-Napoli*, 126 AD3d 1278, 1278 [2015]; *Matter of Cepeda v New York State Comptroller*, 115 AD3d 1146, 1146 [2014], *lv denied* 23 NY3d 906 [2014]; *Matter of Mullins v New York State Comptroller*, 49 AD3d 951, 951-952 [2008]). Where, as here, the applicant "has been assigned to light, limited or restricted duties for less than two years prior to the date [upon which the] application for disability retirement benefits was filed with [respondent,] . . . the issue of permanent incapacity [shall be determined] on the basis of the duties and job requirements of such previous full duty assignment" (2 NYCRR 364.3 [a]; *see Matter of Perez-Dunham v McCall*, 279 AD2d 884, 885 [2001]). In this regard, petitioner testified—without contradiction—that he never returned to full-duty status as a lieutenant during the less than one year that elapsed between the date of his return to work and the date upon which he applied for accidental disability retirement benefits. Petitioner further testified, and the Chief of Patrol for the Department confirmed, that the full duties of petitioner's position entailed performing patrol functions, which included, among other things, entering and exiting a patrol vehicle, responding to an emergency, making an arrest and engaging in heavy lifting. Although numerous individuals offered various estimates as to what percentage of petitioner's actual duties were administrative versus patrol in nature, the fact remains that petitioner's full duties entailed performing patrol functions—tasks that he was not allowed to resume after he returned to work on restricted-duty status.

As for the medical evidence adduced on this issue, petitioner's treating physician indicated that petitioner remained totally disabled as of May 2011, and a follow-up report issued by that same physician in September 2011 reiterated that petitioner would be assigned to "limited/restricted duty for the long term and [was] not to return to full[ ] duty at any point." Jeffrey Meyer, the orthopedic surgeon who evaluated petitioner on behalf of the New York State and Local Retirement System in October 2011, initially opined, "If as [petitioner] states he is required to get in/out of a vehicle and supervise other officers on a daily basis, then he is disabled from [the] performance of all duties of a [p]olice [l]ieutenant. If, indeed, his occupation is supervisory, requiring desk work 90% of the time, then he is

not disabled." Following the hearing, the Retirement System sought clarification of Meyer's opinion, in response to which Meyer again indicated that if "repetitive field supervisory activity is required[,] including potentially lifting aided victims on a regular basis[,] then [petitioner] is, indeed, disabled." Meyer, however, reiterated that he believed that petitioner was entirely capable of "continuing sedentary work." When the Retirement System again asked Meyer to refine his position based upon petitioner's duty status as of February 2011, Meyer replied that he would need additional information before rendering an opinion. Nothing in the record reflects that such information subsequently was provided.

While it indeed is true that "respondent is vested with the exclusive authority to weigh [conflicting medical] evidence and credit the opinion of one medical expert over another" (*Matter of Guadagnolo v DiNapoli*, 128 AD3d 1246, 1248 [2015] [internal quotation marks, brackets and citations omitted]), Meyer's opinion—in addition to arguably being contradictory— misses the mark. The dispositive inquiry for purposes of determining disability is not whether petitioner is capable of indefinitely performing the clerical tasks assigned to him while on restricted duty but, rather, whether he is capable of performing the full duties of a police lieutenant (*see* 2 NYCRR 364.3 [a]). As the record as a whole clearly establishes that petitioner is incapable of returning to full-duty status, respondent's determination cannot be said to be supported by substantial evidence. Accordingly, the determination is annulled and this matter is remitted to respondent for further proceedings. In light of this conclusion, we need not address the remaining arguments raised by petitioner.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.