# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 3, 2016                    520737
_____

In the Matter of EUGENE L.
   PIERCE,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller, et al.,
                    Respondents.
_____

Calendar Date:   January 8, 2016

Before:   Peters, P.J., Garry, Egan Jr., Devine and Clark, JJ.

                       _____


        Edelstein & Grossman, New York City (Jonathan I. Edelstein
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondents.

                       _____


Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Comptroller denying
petitioner's application for accidental and performance of duty
disability retirement benefits.

        Petitioner, a former State Trooper, applied for accidental
and performance of duty disability retirement benefits based upon
injuries to his back, neck and left knee sustained in a
work-related car accident that occurred in 2003.  Thereafter,
petitioner filed additional applications for the same benefits
based upon posttraumatic stress disorder and depression.

Petitioner's applications were denied, and petitioner sought a hearing and redetermination. A Hearing Officer denied the applications and, upon review, respondent Comptroller affirmed. This Court subsequently annulled that determination, as it had "fail[ed] to set forth findings with regard to petitioner's claimed incapacity due to his psychiatric condition" and remitted for further administrative proceedings (Matter of Pierce v Murray, 87 AD3d 1260, 1260 [2011]). Following remittal, the matter was reassigned and again denied on the ground that petitioner is not permanently disabled from performing his duties as a police officer due to either a physical or psychiatric condition. The Comptroller affirmed. Petitioner commenced this CPLR article 78 proceeding, and, finding that the petition raised an issue of substantial evidence, Supreme Court transferred the proceeding to this Court.

We confirm. "As an applicant for accidental disability retirement benefits, petitioner bore the burden of proving that, among other things, []he is permanently incapacitated from performing h[is] job duties" (Matter of Anderson v DiNapoli, 126 AD3d 1278, 1278 [2015] [citations omitted]; see Matter of Weldon v DiNapoli, 120 AD3d 869, 869 [2014], lv denied 24 NY3d 914 [2015]). Petitioner testified at the hearing that, as a result of the accident, he suffers from physical limitations in his neck, back and left knee that prevent him from performing the duties of a State Trooper. Petitioner further testified that his psychiatric diagnoses preclude him from performing the duties of a State Trooper in that he suffers from, among other things, insomnia, recurrent memories of the accident and severe depression. Medical records and reports from petitioner's treating physicians and mental health practitioners that supported these claims were admitted into evidence.

John Mazella, an orthopedic surgeon, examined petitioner and reviewed his medical records for the New York State and Local Police and Fire Retirement System and concluded that petitioner was not permanently disabled as a result of any orthopedic injury. Mazella testified that petitioner's back and neck conditions were not clinically significant or disabling and that petitioner was a candidate for reasonably safe knee surgery that would repair his condition and allow him to return to full-duty

work as a State Trooper.  Mazella noted that two of petitioner's treating orthopedic surgeons had recommended that petitioner undergo this surgery (see Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1147 [2014], lv denied 23 NY3d 906 [2014]; Matter of Ahmed-Parkin-Chirco v New York State Comptroller, 84 AD3d 1684, 1685 [2011], lv denied 17 NY3d 711 [2011]).  We reject petitioner's contention that he was taken unfairly by surprise by this testimony, and, thus, that it should have been precluded.  The proposed surgery was addressed in the context of the recommendations made by petitioner's treating physicians and, thus, included in his medical records.

Petitioner also submitted medical records and reports documenting his psychiatric conditions, and the Retirement System presented the opposing testimony of Michael Lynch, a psychiatrist, and reports that Lynch had prepared in 2006 and 2012.  Lynch conducted a psychiatric examination of petitioner in 2006 and, following a review of petitioner's medical records and reports, opined that petitioner did not suffer from any psychiatric condition that rendered him permanently unable to perform the duties of a State Trooper.  Contrary to petitioner's claim, the Retirement System was properly permitted to submit Lynch's 2012 report to address the updated psychiatric records that petitioner had been allowed to present after remittal.

The Comptroller has the exclusive authority to resolve conflicting medical evidence and to credit one expert's opinion over another (see Matter of Cepeda v New York State Comptroller, 115 AD3d at 1146-1147; Matter of Arroyo v DiNapoli, 93 AD3d 980, 981 [2012]).  The opinions of the Retirement System's orthopedic and psychiatric experts constituted substantial evidence supporting the determination that petitioner failed to establish that he was permanently incapacitated due to an orthopedic or psychiatric disability (see Matter of Anderson v DiNapoli, 126 AD3d at 1279; Matter of Hulse v DiNapoli, 70 AD3d 1235, 1236-1237 [2010]).

Peters, P.J., Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court