*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521821
_____

In the Matter of MICHAEL
   DEL PESCHIO,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
   Comptroller,
                    Respondent.
_____

Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

_____

        Bartlett, McDonough & Monaghan, LLP, White Plains (Nicholas Switach of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

_____

Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental disability retirement benefits, World Trade Center accidental disability retirement benefits and performance of duty disability retirement benefits.

        Petitioner was a police officer for the City of Yonkers Police Department.  He was a member of the emergency services unit and responded to the site of the World Trade Center following the events of September 11, 2001.  Petitioner went there on three different occasions in September 2001 and spent a

total of 48 hours at the site.  After working at the site, petitioner began experiencing breathing problems and eventually was diagnosed with a number of medical conditions, including chronic rhinosinusitis, dyspnea on exertion, sleep apnea and a deviated septum.  He stopped working for the police department in June 2011.  Due to his respiratory and related problems, petitioner applied for accidental disability retirement benefits, World Trade Center accidental disability retirement benefits and performance of duty disability retirement benefits.  His applications were denied upon the ground that he was not permanently incapacitated from performing his duties as a police officer.  Petitioner requested a hearing and, at its conclusion, a Hearing Officer upheld the denial of the applications. Respondent adopted the Hearing Officer's decision, and this CPLR article 78 proceeding ensued.

We confirm.  "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Pellittiere v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1143, 1144 [2014] [internal quotation marks and citation omitted]; see Matter of Anderson v DiNapoli, 126 AD3d 1278, 1278 [2015]; Matter of Occhino v DiNapoli, 117 AD3d 1156, 1156 [2014]).[1]  Notably, where conflicting medical evidence is presented, respondent is vested with the authority to weigh such evidence and credit one medical expert's opinion over that of another (see Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d 872, 873 [2014]; Matter of Pannachio v DiNapoli, 95 AD3d 1557, 1557 [2012]).

---

[1]  Although an applicant seeking World Trade Center accidental disability retirement benefits enjoys a statutory presumption with respect to the issue of causation (see Matter of Kennedy v DiNapoli, 106 AD3d 1429, 1429-1430 [2013], lv denied 22 NY3d 851 [2013]), the applicant must be permanently disabled in order to receive such benefits (see Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307-1308 [2013]).

Here, petitioner was treated by a number of doctors following his exposure to the World Trade Center site, which treatment continued through the date of his retirement and thereafter. Mitchell Horowitz, a pulmonologist who conducted an independent medical evaluation of petitioner at the request of the New York State and Local Retirement System, observed that petitioner's primary problem was chronic rhinosinusitis, but noted that he also suffered from dyspnea on exertion, which Horowitz largely attributed to petitioner's weight, smoking history and obstructive sleep apnea. Horowitz further indicated that there was no evidence that petitioner had asthma or reactive airway disease and opined that petitioner did not suffer from a disability related to these conditions.

Alan Berkower, an otolaryngologist who also examined petitioner at the request of the Retirement System, indicated that petitioner suffered from chronic allergic rhinitis and pansinusitis that was exacerbated by his exposure to the World Trade Center site, but noted that petitioner's heavy smoking and obesity also contributed to the compromise of his airway. According to Berkower, although sinus surgery might alleviate some of his symptoms, petitioner was not permanently incapacitated from performing his duties as a police officer.

Only one of the many other physicians who treated petitioner, Phillip Massengill, concluded that petitioner was permanently disabled from performing his duties. Respondent was entitled to credit the rational and fact-based opinions of Horowitz and Berkower over the contrary opinion of Massengill. Therefore, we find that substantial evidence supports respondent's determination denying petitioner benefits upon the ground that he was not permanently incapacitated from performing his duties as a police officer (see Matter of Guadagnolo v DiNapoli, 128 AD3d 1246, 1248-1249 [2015]; Matter of Pennachio v DiNapoli, 95 AD3d at 1558). In view of our disposition, we need not address petitioner's remaining claim.

McCarthy, J.P., Garry, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court