■ In the Matter of JERED M. LONDON, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [61 NYS3d 379]—

Devine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner was employed as a firefighter for the City of Yonkers. He applied for accidental and performance of duty disability retirement benefits (*see* Retirement and Social Security Law §§ 363, 363-c) alleging, among other things, that he sustained injuries to his lower back and right shoulder as a result of work-related incidents in September 2003 and March 2008. After petitioner's applications were initially denied, he sought a hearing and redetermination. The parties made various concessions at the hearing and, as a result, the sole issues before the Hearing Officer were whether petitioner was

permanently incapacitated from performing his job duties as a result of his injuries and whether his disability was the natural and proximate result of his lower back injury sustained in March 2008 (*see* Retirement and Social Security Law §§ 363 [a] [1]; 363-c [b] [1]). A Hearing Officer upheld the denial of petitioner's applications and, upon review, respondent sustained that determination. Petitioner thereafter commenced this CPLR article 78 proceeding.

We confirm. "In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (*Matter of Califano v DiNapoli*, 147 AD3d 1177, 1177-1178 [2017]; *accord Matter of Del Peschio v DiNapoli*, 139 AD3d 1298, 1299 [2016]). In assessing whether permanent incapacity has been shown, respondent "may consider whether proper medical treatment is reasonably and safely available to correct the disability, and petitioner bears the burden of justifying refusal to consent to such treatment" (*Matter of Califano v DiNapoli*, 147 AD3d at 1178 [internal quotation marks, brackets and citations omitted]).

In support of his applications for benefits, petitioner offered numerous medical records and relied upon the testimony and report of his treating neurosurgeon, Patrick Roth, who performed surgery on petitioner's back in 2004 and has examined him since. Roth opined that petitioner was permanently incapacitated from performing the duties of a firefighter due to his lower-back condition. As for his shoulder injury, petitioner testified that surgeon Victor Khabie performed surgery on his shoulder in 2008 and that he returned to full-duty work six months later. Petitioner averred that he continued to suffer from limited range of motion and pain, however, and that Khabie recommended a second surgical procedure for his shoulder. Petitioner explained that he is reluctant to undergo the second procedure given the failure of the first.

In contrast, John Mazella, an orthopedic surgeon who evaluated petitioner and reviewed his medical records on behalf of the New York State Police and Fire Retirement System, concluded that petitioner's conditions did not render him permanently incapacitated from performing the duties of a firefighter. After examining petitioner in August 2012, Mazella observed, with regard to petitioner's back, that he had a normal gait, performed voluntary movements of his spine with normal ranges of motion without pain and demonstrated full bilateral

strength. Mazella also noted that petitioner was able to work full time as a firefighter until May 2011 when he retired and could not, as a result, have been permanently incapacitated due to his lower back condition. With regard to petitioner's shoulder condition, while the initial surgery was supposedly unsuccessful, the proposed revision surgery remains a reasonable and safe course (*see Matter of Cepeda v New York State Comptroller*, 115 AD3d 1146, 1147 [2014], *lv denied* 23 NY3d 906 [2014]). Indeed, after examining petitioner's shoulder, Mazella testified that petitioner has a torn tendon that requires an arthroscopic procedure to repair. Mazella stated that, although he would restrict petitioner from lifting and carrying heavy objects because of his shoulder injury, the arthroscopic procedure would likely produce a very good result and allow petitioner to return to work without any restrictions. Notwithstanding medical evidence that could support a different result, respondent was free to credit Mazella's rational and fact-based report and opinions which constitute substantial evidence to support the denial of petitioner's applications for accidental and performance of duty disability benefits (*see Matter of Guadagnolo v DiNapoli*, 128 AD3d 1246, 1248-1249 [2015]; *Matter of Camera v DiNapoli*, 92 AD3d 1019, 1020 [2012]; *Matter of Capraro v DiNapoli*, 91 AD3d 1020, 1021 [2012]).

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.