Rose, J.
 

 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner’s applications for accidental and performance of duty disability retirement benefits.
 

 Petitioner, a police officer, applied for accidental and performance of duty disability retirement benefits based upon work-related injuries to his right thumb. The applications were denied, and petitioner sought a hearing and redetermination. Following the hearing, the Hearing Officer denied the applications on the ground that petitioner had not established that he was permanently incapacitated from performing his duties because there is a reasonably safe surgical procedure that could resolve his right thumb disability. Respondent Comptroller adopted that decision and denied benefits, prompting this CPLR article 78 proceeding.
 

 We confirm. “An applicant for accidental disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from performing his or her job duties” (Matter of Capraro v DiNapoli, 91 AD3d 1020, 1021 [2012] [citations omitted]; see Matter of Califano v DiNapoli, 147 AD3d 1177, 1177-1178 [2017]). Initially, we note that petitioner’s description of his job duties at the hearing did not contain any requirements that could be considered outside of or in addition to the general duties of a police officer. Contrary to petitioner’s contention, the record reflects that the Comptroller considered petitioner’s actual job duties in determining whether he is permanently disabled (see Matter of O’Halpin v New York State Comptroller, 12 AD3d 771, 772 [2004], lv denied 5 NY3d 702 [2005]).
 

 As relevant here, “[i]n determining whether a person is permanently disabled, [the Comptroller] may consider whether proper medical treatment is reasonably and safely available to correct the disability” (Matter of Dingee v DiNapoli, 56 AD3d 876, 877 [2008]; accord Matter of Califano v DiNapoli, 147 AD3d at 1178). Further, “[t]his Court is not free to substitute its assessment of the medical evidence for that of [the Comptroller], whose determinations must be upheld when they are supported by substantial evidence” (Matter of King v DiNapoli, 75 AD3d 793, 796 [2010]). John Killian, an orthopedic surgeon who examined petitioner and reviewed his medical records on behalf of the New York State and Local Police and Fire Retirement System, opined that petitioner was currently disabled from performing his job duties as a police officer. Kil-lian also opined, however, that the disability was not permanent, stating that there is a significant likelihood that a reasonably safe surgical procedure — a fusion of the metacarpal phalangeal joint of the thumb — would restore the strength, stability and function of petitioner’s right hand so as to allow him to perform his job duties, including being able to carry and discharge a firearm and a pepper spray cannister, use a baton and handcuffs and make arrests. In contrast, Steven Puopolo, petitioner’s treating orthopedic surgeon, opined that petitioner is permanently disabled from performing his job duties. Puopolo further opined that, although the fusion of the metacarpal phalangeal joint is a safe procedure, he would not recommend the surgery to petitioner because, in his opinion, it would not result in him being able to perform his duties as a police officer.
 

 “The Comptroller has the exclusive authority to resolve conflicting medical evidence and to credit one expert’s opinion over another” (Matter of Pierce v DiNapoli, 137 AD3d 1349, 1351 [2016] [citations omitted]; see Matter of Del Peschio v DiNapoli, 139 AD3d 1298, 1299 [2016]). Inasmuch as Killian’s opinion of a significant likelihood that further medical treatment would alleviate petitioner’s disability was rationally based upon an examination of petitioner and his medical records, the Comptroller’s determination that petitioner did not meet his burden of proving a permanent incapacity from performing his job duties is supported by substantial evidence and will not be disturbed (see Matter of Califano v DiNapoli, 147 AD3d at 1179; Matter of Cepeda v New York State Comptroller, 115 AD3d 1146, 1147 [2014], lv denied 23 NY3d 906 [2014]).
 

 Peters, P.J., Garry, Aarons and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.