Matter of Kennedy v Dinapoli (2019 NY Slip Op 06552)





Matter of Kennedy v Dinapoli


2019 NY Slip Op 06552


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

527388

[*1]In the Matter of the Claim of Brian M. Kennedy, Petitioner,
v
Thomas P. Dinapoli, as State Comptroller, Respondent.

Calendar Date: August 21, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Law Offices of Jeffrey L. Goldberg, PC, Port Washington (Jeffrey L. Goldberg of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for World Trade Center accidental disability retirement benefits.
Petitioner, a State Trooper from 1984 until 2004, applied for World Trade Center accidental disability retirement benefits based upon various respiratory and other medical conditions. Because this Court confirmed the denial of petitioner's previous application for World Trade Center accidental disability retirement benefits (Matter of Kennedy v DiNapoli, 106 AD3d 1429 [2013], lv denied 22 NY3d 851 [2013]), the parties conceded that the only qualifying medical conditions to be considered in connection with the current application are chronic rhinitis, chronic sinusitis and esophageal reflux. Following a hearing, the Hearing Officer found that petitioner failed to sustain his burden of proving that he was permanently incapacitated from the performance of his duties and denied his application. Respondent adopted the Hearing Officer's findings and conclusions in denying the application. This CPLR article 78 proceeding ensued.
We confirm. "Although an applicant seeking World Trade Center accidental disability retirement benefits enjoys a statutory presumption with respect to the issue of causation, the applicant must be permanently disabled in order to receive such benefits" (Matter of Del Peschio v DiNapoli, 139 AD3d 1298, 1299 n [2016] [citations omitted]). The burden is on the applicant to establish that he or she is permanently incapacitated from the performance of his or her job duties (see id. at 1299; Matter of Pellittiere v New York State & Local Fire Retirement Sys., 121 AD3d 1143, 1144 [2014]). Respondent is vested with the exclusive authority to credit any medical expert who "articulates a rational and fact-based opinion founded upon a physical examination and review of pertinent medical records" (Matter of Rawson v DiNapoli, 150 AD3d 1606, 1606 [2017] [internal quotation marks and citation omitted]).
The record establishes that petitioner did not complain or receive treatment for the medical conditions at issue until 2007 after being exposed to paint fumes while working at a jewelry store. With regard to petitioner's chronic rhinitis, Firooz Rezvani, an otolaryngologist, opined that, although it could be assumed that such condition is related to petitioner's exposure at "Ground Zero", it "is not considered as a disabling condition for his profession." Rezvani similarly noted that petitioner's sinusitis condition did not cause any total disability and could be treated through medication or surgery. Frank Karpowicz, a gastroenterologist, reported that there is no objective evidence for gastroesophageal reflux disease/erosive esophagitis, as claimant has not been seen by a gastroenterologist or undergone gastrointestinal testing. As such, Karpowicz concluded that he could not establish a diagnosis of gastroesophageal reflux disease and there was no gastrointestinal disability.
We are unpersuaded by petitioner's contention that such medical reports and opinions are conclusory, as the record establishes that they are rational and fact-based following an examination of petitioner and review of his medical records. Although petitioner's medical records note instances of severe and debilitating coughing episodes, the medical records attribute such episodes to conditions that are not at issue in this proceeding. Petitioner's medical records are devoid of any indication that he is permanently disabled due to his chronic rhinitis, chronic sinusitis and esophageal reflux. In view of the foregoing, substantial evidence supports respondent's determination that petitioner did not meet his burden of establishing that the medical conditions at issue rendered him permanently disabled from the performance of his duties, and that determination will not be disturbed (see Matter of Del Peschio v DiNapoli, 139 AD3d at 1300; Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307-1308 [2013]; Matter of Pennachio v DiNapoli, 95 AD3d 1557, 1558 [2012]).
Egan Jr., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.