Matter of Brassil v O'Neill (2021 NY Slip Op 06749)





Matter of Brassil v O'Neill


2021 NY Slip Op 06749


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 100879/19 Appeal No. 14732 Case No. 2020-04904 

[*1]In the Matter of Gail Brassil, Petitioner-Respondent,
v
James O'Neill, etc., et al., Respondents-Appellants.


Georgia M. Pestana, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for appellants.
Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for respondent.



Judgment, Supreme Court, New York County (John J. Kelley, J.), entered September 25, 2020, granting the petition brought pursuant to CPLR article 78 to annul a determination of respondents James O'Neill, as the Police Commissioner of the City of New York, and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, and The Board of Trustees of the New York City Police Pension Fund, Article II dated March 15, 2019, which denied petitioner Gail Brassil's application for accidental disability retirement (ADR) under New York City Administrative Code (Administrative Code) § 13-252.1 (the World Trade Center [WTC] Disability Law), unanimously reversed, on the law and the facts, without costs, the petition denied and the proceeding dismissed.
Petitioner, a retired detective for the New York City Police Department, failed to establish that the Medical Board's determination, that she was not rendered disabled from her former duties with the NYPD by the medical conditions she suffered while working at the World Trade Center in the aftermath of the 9/11 attacks, lacked a rational basis or was arbitrary and capricious (see Matter of Borenstein v New York City Employees' Retirement Sys., 88 NY2d 756, 760 [1996]; Matter of Murano v Kelly, 125 AD3d 521, 521-522 [1st Dept], lv denied 27 NY3d 904 [2016]; Administrative Code § 13-252.1[2][a]).
While the WTC Disability Law creates an evidentiary presumption with respect to causation for applicants for ADR, that presumption does not relieve an applicant of its burden of showing "a qualifying condition or impairment of health resulting in disability" (Retirement and Social Security Law § 2[36] [a-c]; see also Matter of Del Peschio v DiNapoli, 139 AD3d 1298 [3d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021