Matter of Graham v Gardner (2025 NY Slip Op 03677)

Matter of Graham v Gardner

2025 NY Slip Op 03677

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0788
[*1]In the Matter of Kelly Graham, Petitioner,
v
Colleen C. Gardner, as Executive Deputy Comptroller, Respondent.

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

John F. Clennan, Ronkonkoma, for petitioner.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits in September 2019, alleging that she was permanently incapacitated as a result of injuries sustained in May 2017 to her right ankle, when her patrol car collided with another vehicle.[FN1] The New York State and Local Police and Fire Retirement System denied the application upon the ground that petitioner was not permanently incapacitated from performing her job duties. Following a hearing, the Hearing Officer agreed and upheld the denial of petitioner's application for benefits. Upon review, respondent adopted the Hearing Officer's findings and conclusions, and this CPLR article 78 proceeding ensued.
We confirm. "An applicant for accidental disability retirement benefits bears the burden of proving that he or she is permanently incapacitated from performing his or her job duties" (Matter of Dee v DiNapoli, 154 AD3d 1042, 1043 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Anderson v DiNapoli, 126 AD3d 1278, 1278 [3d Dept 2015]). "Where, as here, there is conflicting medical evidence, [respondent] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of McGowan v DiNapoli, 178 AD3d 1243, 1243-1244 [3d Dept 2019], lv denied 35 NY3d 917 [2020]).
Petitioner's orthopedic surgeon, Nicholas Wessling, performed surgery on petitioner's foot and ankle in January 2019. Wessling last examined petitioner on July 3, 2019, during which he noted reduced range of motion of "10 degrees past neutral, to 30 degrees plantar flexion" and "nerve related" symptoms to the lateral portion of her foot and ankle. Wessling opined that petitioner is permanently incapacitated from performing her duties as a police officer due to the injuries she suffered in the motor vehicle accident. Orthopedic surgeon George Ackerman examined petitioner on behalf of the Retirement System in September 2021. Ackerman noted a well-healed surgery scar, a normal sensation to light touch and no soft tissue swelling or tenderness of the foot or ankle. Ackerman found similar range of motion reductions as Wessling, but he concluded that those reductions were "slight" and "not that limiting" so as to prevent petitioner from performing her job duties. In our view, although there was medical evidence that could support a contrary conclusion, Ackerman's rational opinion based upon his examination of petitioner and review of her medical records, upon which respondent was free to rely, provides substantial evidence to support the determination that petitioner [*2]was not permanently incapacitated from performing her job duties (see Matter of McGowan v DiNapoli, 178 AD3d at 1245; Matter of Solarino v DiNapoli, 171 AD3d at 1437).
Petitioner also argues that the Hearing Officer erroneously relied on the wrong statute in evaluating her application. In his decision, the Hearing Officer stated that petitioner "is only entitled to [a]ccidental [d]isability [r]etirement benefits if she can prove [that] she was permanently incapacitated for the performance of duty at the time she filed her application," referencing Retirement and Social Security Law § 363-c, the statute that addresses applications for performance of duty disability retirement benefits.[FN2] Despite the erroneous reference to Retirement and Social Security Law § 363-c (b), the Hearing Officer properly identified petitioner's application as one for accidental disability retirement benefits throughout the decision and based the denial of the application under the correct standard — i.e., petitioner's failure to satisfy her burden of proving that she was permanently incapacitated from performing her job duties (compare Matter of DeMaio v DiNapoli, 137 AD3d 1545, 1546 [3d Dept 2016]). Accordingly, we find no reason to disturb respondent's determination denying petitioner's application for accidental disability retirement benefits. We have considered petitioner's remaining contentions and find them to be without merit.
Egan Jr., J.P., Fisher, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The application also referenced injuries to petitioner's right hip and right shoulder. At a hearing on the application, petitioner informed the Hearing Officer that she is limiting her application to her right foot injury.

Footnote 2: We note that, similarly to applicants for accidental disability retirement benefits, applicants for performance of duty disability retirement benefits are required to prove that they are permanently incapacitated from performing their job duties (see Matter of London v DiNapoli, 153 AD3d 1106, 1107 [3d Dept 2017]; Matter of Califano v DiNapoli, 147 AD3d 1177, 1177-1178 [3d Dept 2017]).