Matter of Mercurio (DiNapoli) (2025 NY Slip Op 06369)

Matter of Mercurio (DiNapoli)

2025 NY Slip Op 06369

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-23-2025
[*1]In the Matter of Anthony Mercurio, Petitioner,
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:October 15, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

Schwab & Gasparini, PLLC, White Plains (Warren J. Roth of counsel), for petitioner.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for World Trade Center accidental disability retirement benefits.
Petitioner, a former police officer, was part of a team that responded to the site of the World Trade Center following the events of September 11, 2001. As a result of his efforts there, petitioner developed several medical conditions, including eosinophilic esophagitis, gastroesophageal reflux disease and asthma. In August 2014, petitioner filed an application for World Trade Center accidental disability retirement benefits based upon the development of these conditions, and, shortly thereafter in May 2015, he retired from his position as a police lieutenant. After his application was denied upon the ground that he was not permanently incapacitated from performing his duties as a lieutenant, petitioner requested a hearing and redetermination of his application. At the conclusion of the hearing, the Hearing Officer upheld the denial of petitioner's application, and respondent adopted that decision. This CPLR article 78 proceeding ensued.
"Although an applicant seeking World Trade Center accidental disability retirement benefits enjoys a statutory presumption with respect to the issue of causation, the applicant must be permanently disabled in order to receive such benefits" (Matter of Kennedy v DiNapoli, 175 AD3d 1638, 1639 [3d Dept 2019] [internal quotation marks and citations omitted]). Here, there is no dispute regarding causation as respondent conceded that during "the performance and discharge of [his] duty," petitioner developed "qualifying World Trade Center condition[s]" as "the natural and proximate result of an accident" (Retirement and Social Security Law § 363 [g] [1] [a]; compare Matter of Fragola v DiNapoli, 200 AD3d 1536, 1539 [3d Dept 2021]). Accordingly, the sole issue before us is whether petitioner met his burden of proving that his medical conditions rendered him "permanently incapacitated from the performance of his . . . job duties" (Matter of Del Peschio v DiNapoli, 139 AD3d 1298, 1299 [3d Dept 2016] [internal quotation marks and citations omitted]; see Matter of Diesel v DiNapoli, 185 AD3d 1135, 1136 [3d Dept 2020]; Matter of London v DiNapoli, 153 AD3d 1106, 1107 [3d Dept 2017]).
Initially, the statute governing eligibility for accidental disability retirement benefits contemplates petitioner's condition "at the time [his] application . . . is filed" (Retirement and Social Security Law § 363 [a]; see Matter of Walsh v New York State & Local Empls. Retirement Sys., 176 AD3d 1430, 1432 [3d Dept 2019]). Petitioner filed his application in August 2014 but continued to work until May 2015. During this time, petitioner was working full time and full duty and also voluntarily accepted 300 to 400 hours of overtime. Even so, petitioner's physician testified that she began [*2]seeing petitioner as a patient in May 2015 — after he had already retired — and she believed at that time that the full performance of his job duties as a police officer would be difficult given his symptoms. Notwithstanding this opinion, she admittedly did not know exactly what petitioner's daily duties as a police lieutenant entailed, and she was only basing her opinion on her prior experience with police officers in general. Notably, the Orangetown Police Department, from which petitioner retired, describes the role of a lieutenant as "supervisory" and indicates that typical work activities for such include, among other things, preparing and reviewing orders, assigning personnel, hearing complaints and assisting in organization and direction of raids. An independent gastroenterologist and pulmonologist, after reviewing the relevant medical records, the job description of a lieutenant and physically examining petitioner, each provided medical reports in which they opined that petitioner was not permanently incapacitated from performance of his job duties as a police lieutenant.
In the event that there are conflicting medical opinions, as there are here, respondent "is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" as long as the credited opinion is rational, fact-based and supported by a physical examination of petitioner and a review of relevant medical records (Matter of Solarino v DiNapoli, 171 AD3d 1434, 1435 [3d Dept 2019] [internal quotation marks and citations omitted]; see Matter of Kennedy v DiNapoli, 175 AD3d at 1639). Contrary to petitioner's position, such an opinion need not be based on the physician's review of the entire legal record, including transcripts and exhibits. Petitioner's physician repeatedly deferred her opinion regarding the specific treatment and severity of each of petitioner's conditions to the opinions of petitioner's treating pulmonologists and gastroenterologists, who did not testify nor provide reports. Additionally, petitioner's physician admitted that she failed to review the medical reports of the independent pulmonologist and gastroenterologist despite her access to them as part of petitioner's medical records. Accordingly, we cannot say that her medical opinion is reliable as it was not "based upon, among other things, a review of all the relevant medical records" (Matter of Angelino v New York State Comptroller, 176 AD3d 1376, 1381 [3d Dept 2019]; see Matter of Walsh v New York State & Local Empls. Retirement Sys., 176 AD3d at 1432). Given the absence of a credible opinion from petitioner's physician, the testimony that petitioner was able to work full time, and even overtime, leading up to his retirement and the opinions of the independent medical experts, who each had a full understanding of what petitioner's job required of him, respondent's determination that petitioner is not permanently incapacitated from the performance of his [*3]job as a police lieutenant is supported by substantial evidence and we will not disturb it (see Matter of Diesel v DiNapoli, 185 AD3d at 1137; Matter of Del Peschio v DiNapoli, 139 AD3d at 1300).
Pritzker, J.P., Ceresia, McShan and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.